IN RE ESTATE OF STROMAN.

*Constitutional law—Court of appeals—Jurisdiction—Appeal from probate division of common pleas court—Section 1604-4, General Code—Adjudication of exceptions to compensation of executor—Chancery case—Charging distributive share with debt of legatee.*

1. That part of Section 1604-4, General Code, which undertakes to authorize appeals from the probate division of the court of common pleas in those counties where the probate court and court of common pleas have been combined, is in conflict with Section 6, Article IV of the Constitution, and hence inoperative.

2. Those items of an executor's account that relate to the executor's compensation are governed by statute, and an appeal from a judgment rendered upon exceptions thereto will not lie from the probate division of the court of common pleas to the court of appeals.

3. Where an executor claims that a legatee is indebted to the estate and charges himself with such indebtedness in his account, with the view of deducting the same from the amount thereafter to be paid by him to such legatee, and exceptions are filed to such item, there arises a case in chancery, and an appeal may be taken from a judgment in such case from the probate division of the court of common pleas to the court of appeals.

(Decided November 24, 1922.)

APPEAL: Court of Appeals for Adams county.

ON MOTION to dismiss appeal.

*Mr. F. A. Shiveley* and *Mr. W. R. Mahaffey*, for exceptor.

*Mr. C. E. Robuck*, for executor.

MAUCK, J. This case was heard in the probate division of the court of common pleas of Adams county on exceptions filed to the first and final account of C. B. Holliday, as executor of the last will and testament of Levi B. Stroman, deceased. An appeal was taken by the exceptor to the judgment of that court, and the executor now moves to dis-miss that appeal on the ground that this court has no jurisdiction to entertain an appeal of this particular subject-matter.

The probate court and court of common pleas of Adams county have heretofore been combined by virtue of proceedings had under Section 7, Article IV of the Constitution of Ohio. The result of such combination is to vest in the common pleas the jurisdiction otherwise vested in the probate court. By Section 1604-4, General Code, the legislature has attempted in such counties as have effected this combination to authorize appeals from the common pleas to the Court of Appeals in all cases which in other counties might be appealed from the probate to the common pleas. The statutory provision is inoperative for the reason that the constitution exclusively fixes the jurisdiction of the court of appeals. (*Wagner* v. *Armstrong*, 93 Ohio St., 443.) The right of appeal, therefore, depends upon that part of Section 6, Article IV of the Constitution, which limits the court of ap-

peals to "appellate jurisdiction in the trial of chancery cases."

The exceptions to the executor's account are two-fold. One exception ran to the compensation allowed the executor for his services and the other to the amount allowed him for attorney fees. These exceptions clearly involve no equitable right. They are wholly the creature of law. But for the statute no compensation could be charged by an executor at all. His rights and those of the estate, therefore, being exclusively statutory, the determination of these rights is not in the remotest sense a chancery case, and clearly an appeal therefrom to this court would not lie.

Another exception, however, was filed to an item in the account by which the executor charges himself with $640 claimed to be owed to the estate by Jesse Stroman, the exceptor, and a son and devisee of the testator. This charge in the account reads as follows:

"To debt of Jesse Stroman due said estate to be deducted from his distributive share on final settlement—$640."

The exception to that item was heard on testimony and overruled by the trial court, and whether an appeal lies to this court depends upon whether or not that hearing was in a chancery case.

It is true that the probate court derives all its jurisdiction from the statutes, and that its procedure and processes are all statutory, but that affords us no guide for determining the character of the jurisdiction exercised by it, as the jurisdiction and procedure of the common pleas are equally dependent on statutes.

"Although the probate court is of limited and

statutory jurisdiction, it is, we think, a mistake to suppose that it has no equity powers unless the same are *expressly* conferred. A power given to make a particular order implies authority to hear and dispose of all questions which it is necessary to have settled before the making of such final order, unless the needed authority is distinctly denied." *Clapp* v. *Banking Co.*, 50 Ohio St., 528, 537.

In *Wagner* v. *Armstrong, supra,* the supreme court declined to lay down a definite rule for the determination of what is a chancery case. The question ought, however, it says, at page 456, "be approached, generally speaking, not from the modern viewpoint, but rather from the old-time conception. Especially would this be so with reference to well-recognized equitable remedies known to the courts prior to the adoption of the code of civil procedure." The supreme court further says: "A chancery case is one in which, according to the usages and practices in courts of chancery prior to and at the time of the adoption of the code of civil procedure, remedies were awarded in accordance with the principles of equity and not in accordance with rules of law."

In the item of the account now under consideration the executor sought to hold the excepting legatee on what the executor claimed to be a debt owed by the legatee to the estate, and which, in the view of the executor, ought to have been charged against the exceptor's distributive share in the estate. The claim of the executor in this behalf is generally, but not quite correctly, called the right of retainer. This right is recognized very generally in the several states as against the dis-

tributive share of the personalty of an estate, and in some states, including Ohio, as against the right of an heir or devisee in the realty of the ancestor or testator. (*Keever* v. *Hunter,* 62 Ohio St., 616.) Where recognized it is held to be an asset in the hands of the personal representative, and if the claim against the legatee be valid it should be accounted for by the personal representative. (Rockel's Probate Practice [3d ed.], Section 392.) The item in question, therefore, had a proper place in the account if it were a valid and just claim, and the filing of the exceptions thereto made a case for the determination of the court, and no other pleadings were necessary or proper to make such a case. All the authorities which discuss the right of the personal representative of an estate to treat the debt of a legatee as an asset of the estate rest that right on the necessity of so doing in order that there may be preserved that equality among the beneficiaries of the estate that equity always seeks to secure. In a note to *Wilson* v. *Channell,* 1 Am. Law Rep., 993, all the authorities are exhaustively reviewed. Some of them hold that the right is in the nature of an equitable set-off, some that it is in the nature of an advancement, some that it is akin to retainer; but all of them recognize that it is of an equitable character. The editor of the note mentioned says:

"It is not the technical right of set-off in actions at law. It is rather called, in the old cases, the right of retainer. It is an equitable right of its own nature, and not at all dependent upon any statute."

On page 995 the editor further says:

"The right, in our opinion, rests not so much

App.]                In re Estate of Stroman.

upon any rule of set-off, or of retainer, as upon the broad principles of equity."

In *Keever* v. *Hunter*, 62 Ohio St., 616, at page 619, the supreme court says:

"It is not important whether, to secure equality in cases of this character, we adopt the doctrine of equitable set-off, as has been done by some courts, or, for that purpose, regard the debt as an advancement, as has been done by others. The ground of decision is that it is inequitable and at variance with the policy defined in our statutes to permit one to share in an estate which is diminished by his default and to the prejudice of those whose rights are equal to his."

Whether, therefore, the charge made in the account be treated as in the nature of an equitable set-off, or by some other name, it is the assertion of an equitable right; and when heard in a court competent to hear it, and under such pleadings as are authorized to raise such a question, it constitutes a case in chancery, and as such is appealable to this court.

For these reasons the motion to dismiss the appeal is overruled.

*Motion overruled.*

SAYRE, P. J., and MIDDLETON, J., concur.